# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GREEN,<br><br>    Petitioner,<br><br>v.<br><br>JIM MCDONALD,<br><br>    Respondent. | Case No. CV 18-08474-PSG (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

On October 2, 2018, petitioner, a state prisoner, filed a petition for a writ of habeas corpus. Based upon the following deficiencies, the petition is dismissed without prejudice and with leave to amend.

To begin with, from the face of the petition – which was prepared on the California habeas corpus petition form – it appears that Petitioner intended to file it in the California Supreme Court. Indeed, the petition refers to a separate federal petition purportedly filed the same date as the one filed in the California Supreme Court and further indicates that along with the federal petition, petitioner filed "a request to stay and abey." (ECF No. 1 at 6.) However, no request for a stay accompanied the petition filed in this Court.

Adding to the lack of clarity, the petition itself sets forth no claims for relief,

but in the space reserved for grounds for relief, states "see attached." The attached memorandum of points and authorities presents three claims for relief. (ECF No. 2.) Nevertheless, based upon review of the petition as filed, the Court cannot discern whether any or all of Petitioner's claims have been exhausted. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied when the substance of a petitioner's federal claim has been fairly presented to the state's highest court. *Davis v. Silva*, 511 F.3d 1005, 1008-1009 (9th Cir. 2008). It is not clear whether Petitioner has exhausted some or none of his claims for relief.

Where a petition includes both exhausted and unexhausted claims, it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). In limited circumstance, a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claim. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court").[1] Pursuant to *Rhines*, a petitioner may be entitled to a stay while he exhausts his state remedies if: (a) the petitioner shows good cause for his failure to exhaust his claims first in state court; (b) the unexhausted claims not be "plainly meritless"; and (c) the petitioner has not have engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 277-278.

For the foregoing reasons, the petition is dismissed with leave to amend. Accordingly, if Petitioner still desires to pursue this action, he is **ORDERED** to file a First Amended Petition on the forms provided by the Clerk within thirty (30) days of the date of this Order. The clerk is directed to send Petitioner a blank Central District § 2254 habeas petition form for this purpose.

---

[1] The Ninth Circuit has held that *Rhines* also applies to petitions that contains only unexhausted claims. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016).

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. The First Amended Petition must include the specific legal and factual basis for each of Petitioner's claims for relief, as well as indicate whether each of those claims has been presented to the California Supreme Court. The First Amended Petition may include an attachment that is limited to 25 pages. If Petitioner seeks to file an attachment in excess of this page limitation, he must request permission to do so from the Court in advance.

If Petitioner seeks to raise any unexhausted claim in the First Amended Petition and believes that he can make the requisite showing for a stay of this action, then he may file, concurrently with his First Amended Petition, a separate motion to hold the First Amended Petition in abeyance while he returns to state court to exhaust his state court remedies with respect to his unexhausted claim(s).

**Petitioner is cautioned that failure to timely file a First Amended Petition in compliance with this Order may result in dismissal of this action without prejudice.**

DATED: 10/4/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-69